**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

**CASE NO.: 8:26-cv-01298-VMC-CPT**

TOMMY LEDENKO, individually
And on behalf of all others similarly
situated,

*Plaintiff*,

v.

IDEAL CONCEPTS, INC.,

*Defendant*.
_________________________________/

## ANSWER TO COMPLAINT

Defendant Ideal Concepts, Inc. ("Ideal Concepts"), by and through undersigned counsel, hereby answers Plaintiff's Class Action Complaint ("Complaint") (Dkt. 1.)[1] and asserts the following affirmative defenses. Any allegations that are not specifically admitted herein, including all allegations contained in the headings and all unnumbered or introductory paragraphs in the Complaint, are denied:

### Answer to Initial Paragraph

In response to the unenumerated introductory paragraph, Ideal Concepts admits that Plaintiff is bringing this putative class action under the Telephone

[1] Plaintiff appears to have filed his Complaint twice, first as Dkt. 1 and then Dkt 3.

Consumer Protection Act ("TCPA") and Florida Telephone Solicitation Act ("FTSA"), seeking various relief, but denies that there is any factual or legal basis for the claims alleged, for the relief sought, or for classwide treatment. Answering further, Ideal Concepts denies the remaining allegation set forth in the introductory paragraph.

## **Answer to Parties**

1. Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 1 and, on that basis, denies them.

2. Ideal Concepts admits that it is a Pennsylvania corporation with its principal place in Allentown, Pennsylvania. Ideal Concepts denies the remaining allegations of Paragraph 2.

## **Answer to Jurisdiction and Venue**

3. Plaintiff's allegation as to the existence of subject matter jurisdiction presents a legal issue to which Ideal Concepts is not required to respond. To the extent Ideal Concepts is required to respond, Ideal Concepts admits that Plaintiff asserts a federal claim. Ideal Concepts denies the remaining allegations set forth in Paragraph 3.

4. Plaintiff's allegation as to the existence of venue and personal jurisdiction present legal issues to which Ideal Concepts is not required to respond.

To the extent Ideal Concepts is required to respond, Ideal Concepts admits that, solely for purposes of this case, venue and personal jurisdiction are satisfied. Ideal Concepts reserves the right to challenge this allegation to the extent Plaintiff was not in this District when any alleged call was received and/or is not the subscriber to the telephone number at issue. Ideal Concepts denies the remaining allegations set forth in Paragraph 4.

## Answer to Introduction

5. Ideal Concepts states that Plaintiff's characterization of and quotation from the decision *Barr v. American Association of Political Consultants*, 140 S. Ct. 2335 (2020) is a legal conclusion to which no response is required. To the extent an answer is required, Ideal Concepts denies the allegations contained in Paragraph 5 and respectfully refers this Court to the full decision for the full text.

6. Ideal Concepts states that Plaintiff's characterization of and citation to the TCPA, 105 Stat. 2394 at § 2(3), is a legal conclusion to which no response is required. To the extent an answer is required, Ideal Concepts denies the allegations contained in Paragraph 6 and respectfully refers this Court to the cited statute for the full text.

7. Ideal Concepts states that Plaintiff's characterization of and citation to In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014 (2003), is a legal conclusion to which no response is required. To the extent an

answer is required, Ideal Concepts denies the allegations contained in Paragraph 7 and respectfully refers this Court to the cited authority for the full text.

8. Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 8 and, on that basis, denies them.

9. Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9 and, on that basis, denies them.

10. Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 and, on that basis, denies them.

11. Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11 and, on that basis, denies them.

12. Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of the quoted statement, and, on that basis, denies the allegations contained in Paragraph 12.

## Answer to Common Allegations

13. Ideal Concepts denies the allegations set forth in Paragraph 13.

14. Ideal Concepts admits that in 2022 InsureMe launched a life insurance

sales vertical. Ideal Concepts denies the remaining allegations set forth in Paragraph 14.

15. Ideal Concepts admits it jointly operates the website www.insureme.com with InsureMe. Ideal Concepts denies the remaining allegations set forth in Paragraph 15.

16. Ideal Concepts denies the allegations set forth in Paragraph 16.

17. Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 and, on that basis, denies them.

18. Ideal Concepts denies the allegations set forth in Paragraph 18.

19. Ideal Concepts denies the allegations set forth in Paragraph 19.

20. Ideal Concepts denies the allegations set forth in Paragraph 20.

21. Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 21 and, on that basis, denies them.

22. Ideal Concepts denies the allegations set forth in Paragraph 22.

23. Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 23 and, on that basis, denies them.

24. Ideal Concepts lacks knowledge or information sufficient to form a

belief about the truth of the allegations contained in Paragraph 24 and, on that basis, denies them.

25. Ideal Concepts admits that Plaintiff is bringing this case on behalf of himself and as a putative class action, seeking various relief, but denies that there is any factual or legal basis for the claims alleged, for the relief sought, or for classwide treatment. Ideal Concepts denies the remaining allegations set forth in Paragraph 25.

**Answer to Plaintiff Ledenko's Allegations**

26. Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26 and, on that basis, denies them.

27. Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 27 and, on that basis, denies them.

28. Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 28 and, on that basis, denies them.

29. Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 29 and, on that basis, denies them.

30. Paragraph 30 consists of legal conclusions to which Ideal Concepts is

not required to respond. To the extent Ideal Concepts is required to respond, Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 30 and, on that basis, denies them.

31. Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 31 and, on that basis, denies them.

32. Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 32 and, on that basis, denies them.

33. Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 33 and, on that basis, denies them.

34. Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 34 and, on that basis, denies them.

35. Ideal Concepts admits that a call was placed to a telephone number ending -7802 on March 20, 2026, as a result of the prior express written consent to be contacted that Ideal Concepts contends was provided by the individual associated with that telephone number. Ideal Concepts denies the remaining allegations set forth in Paragraph 35.

36. Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 36 and, on that basis, denies them.

37. Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 37 and, on that basis, denies them.

38. Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 38 and, on that basis, denies them.

39. Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 39 and, on that basis, denies them.

40. Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 40 and, on that basis, denies them.

41. Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 41 and, on that basis, denies them.

42. Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 42 and, on that basis,

denies them.

43. Ideal Concepts admits a call with an individual at the telephone number ending -7802 was transferred to a live agent. Ideal Concepts denies the remaining allegations set forth in Paragraph 43.

44. Ideal Concepts admits that the agent identified himself as working for InsureMe. Ideal Concepts admits that the call was addressed to Simetric Thomas and pertained to healthcare coverage. Ideal Concepts states further that Plaintiff confirmed that he was Simetric Thomas. Ideal Concepts denies the remaining allegations set forth in Paragraph 44.

45. Ideal Concepts admits that a call with an individual at the telephone number ending -7802 was transferred to an agent for InsureMe who identified himself as Michael Vargas. Ideal Concepts denies the remaining allegations set forth in Paragraph 45.

46. Ideal Concepts admits that Mr. Vargas stated he was insurance agent for InsureMe and indicated that the call was intended for an individual named Simetric. Ideal Concepts denies the remaining allegations set forth in Paragraph 46.

47. Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 47 and, on that basis, denies them.

48. Ideal Concepts lacks knowledge or information sufficient to form a

belief about the truth of the allegations contained in Paragraph 48 and, on that basis, denies them.

49. Ideal Concepts denies the allegations set forth in Paragraph 49.

50. Ideal Concepts admits that Michael Vargas is employed by Ideal Concepts, Inc. Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the content of any LinkedIn profile, and, on that basis, denies them.

51. Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 51 and, on that basis, denies them.

52. Ideal Concepts denies the allegations set forth in Paragraph 52.

53. Ideal Concepts denies the allegations set forth in Paragraph 53.

54. Ideal Concepts denies the allegations set forth in Paragraph 54.

55. Ideal Concepts admits that Plaintiff is bringing this case on behalf of himself and as a putative class action, but denies that there is any factual or legal basis for the claims alleged, for the relief sought, or for classwide treatment. Ideal Concepts denies the remaining allegations set forth in Paragraph 55.

## Answer to Class Action Allegations

56. Ideal Concepts admits that Plaintiff is bringing this case on behalf of himself and as a putative class action pursuant to Rule 23, seeking to certify the

classes set forth in Paragraph 56, but denies that there is any factual or legal basis for the claims alleged, for the relief sought, or for classwide treatment. Ideal Concepts denies the remaining allegations set forth in Paragraph 56.

57. Ideal Concepts admits that Plaintiff seeks to exclude certain persons from his putative class definitions and seeking to reserve an ability to amend the putative class definitions, but denies that there is any factual or legal basis for the claims alleged, for the relief sought, or for classwide treatment. Ideal Concepts denies the remaining allegations set forth in Paragraph 57.

58. Ideal Concepts denies the allegations set forth in Paragraph 58.

59. Ideal Concepts denies the allegations set forth in Paragraph 59.

60. Ideal Concepts denies the allegations set forth in Paragraph 60.

61. Ideal Concepts denies the allegations set forth in Paragraph 61.

**Answer to First Claim for Relief**

62. Ideal Concepts incorporates and restates its responses to the foregoing allegations as if fully set forth herein.

63. Ideal Concepts denies the allegations in Paragraph 63.

64. Ideal Concepts denies the allegations in Paragraph 64.

65. Ideal Concepts denies the allegations in Paragraph 65.

**Answer to Second Claim for Relief**

66. Ideal Concepts incorporates and restates its responses to Paragraphs 1-

61 as if fully set forth herein.

67. Ideal Concepts admits that Plaintiff brings this claim individually and on behalf of the putative Florida DNC Class, but denies that there is any factual or legal basis for the claims alleged, for the relief sought, or for classwide treatment. Ideal Concepts denies the remaining allegations set forth in Paragraph 67.

68. Paragraph 68 consists exclusively of legal conclusions and citations to which Ideal Concepts is not required to respond. The cited statute speaks for itself. To the extent Ideal Concepts is required to respond, Ideal Concepts denies the allegations set forth in Paragraph 68 and refers this Court to the cited statute for its full text.

69. Paragraph 69 consists exclusively of legal conclusions and citations to which Ideal Concepts is not required to respond. The cited statute speaks for itself. To the extent Ideal Concepts is required to respond, Ideal Concepts denies the allegations set forth in Paragraph 69 and refers this Court to the cited statute for its full text.

70. Paragraph 70 consists exclusively of legal conclusions and citations to which Ideal Concepts is not required to respond. The cited statute speaks for itself. To the extent Ideal Concepts is required to respond, Ideal Concepts denies the allegations set forth in Paragraph 70 and refers this Court to the cited statute for its full text.

71. Ideal Concepts denies the allegations in Paragraph 71.

72. Ideal Concepts denies the allegations in Paragraph 72.

## PRAYER FOR RELIEF

Wherefore, Ideal Concepts denies that there is any legal or factual basis for any of the relief Plaintiff or the putative class members seek to recover in the Complaint's Prayer for Relief, contained on Page 21 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, Ideal Concepts hereby asserts the following affirmative and other defenses to Plaintiff's Complaint.

### FIRST DEFENSE
### (Prior Express Consent)

Plaintiff's claims are barred because, on information and belief, Plaintiff and/or Plaintiff's agent provided legally sufficient consent to receive the calls at issue.

### SECOND DEFENSE
### (Arbitration)

Upon information and belief, Plaintiff's and the putative class members' claims may be subject to an arbitration provision. Ideal Concepts' investigation into this affirmative defense is ongoing.

### THIRD DEFENSE
### (Residential Numbers)

Plaintiff's National do-not-call claim is barred because his phone number does not qualify as a residential number including, but not limited to, because it is a cell phone number.

**FOURTH DEFENSE**
**(Safe Harbor)**

Plaintiff's do-not-call claim fails because Defendant has established and implemented reasonable practices and procedures to prevent telephone solicitations in violation of the FCC's do-not-call regulations, and thus the statutory safe harbor set forth in the TCPA and its regulations applies and bars Plaintiff's claim.

**FIFTH DEFENSE**
**(No Covered Calls)**

Plaintiff's do-not-call claim fails because the calls at issue do not constitute telephone solicitations under the TCPA.

**SIXTH DEFENSE**
**(Established Business Relationship)**

Plaintiff's do-not-call claim fails to the extent the parties had an established business relationship.

**SEVENTH DEFENSE**
**(Substantial Compliance & Good Faith)**

Plaintiff's claims are barred as a result of Ideal Concepts' substantial compliance with the TCPA and FTSA. Further, Plaintiff's claims are barred because

Ideal Concepts acted in good faith and had reasonable grounds for reasonably relying upon and believing that it acted properly with respect to the communications at issue.

**EIGHTH DEFENSE**
**(No Direct or Vicarious Liability)**

Plaintiff's claims are barred to the extent Ideal Concepts did not place the calls at issue and is not vicariously liable for the calls at issue.

**NINTH DEFENSE**
**(Violation of the Fifth and Eighth Amendments)**

The statutory damages provision of the TCPA and FTSA violates the Due Process Clause under the Fifth Amendment, Eighth Amendment and Fourteenth Amendment to the Constitution, and any state analogue. If a class were to be certified and liability were found, the statutory damages award would be grossly disproportionate to any "harm" suffered by the class members.

**TENTH DEFENSE**
**(Violation of the First Amendment and Fourteenth Amendments)**

The TCPA and FTSA violates the First Amendment of the United States Constitution and any state analogue because it places unconstitutional restrictions on Ideal Concepts' constitutional right to free speech. The provisions at issue are thus unenforceable.

**ELEVENTH DEFENSE**
**(*De Minimis Harm*)**

Plaintiff's alleged harm, if any, was *de minimis*, and is thus unrecoverable.

**TWELFTH DEFENSE**
**(Invited the Harm, Unclean Hands, Waiver, and Equitable Limitations)**

Plaintiff's claims are barred by the doctrines of *volenti non fit injuria*, unclean hands, estoppel, laches, waiver, failure to mitigate, consent, and other equitable limitations, particularly to the extent Plaintiff intentionally invited the harm for which he now complains, delayed in bringing this case, failed to mitigate his damages, and/or contributed to the receipt of the calls at issue.

**THIRTEENTH DEFENSE**
**(No Telephone Solicitor)**

Plaintiff cannot pursue his claim under the FTSA because Ideal Concepts does not qualify as a telephone solicitor.

**FOURTEENTH DEFENSE**
**(No Extraterritorial Application)**

Plaintiff's FTSA claim is barred because the statute cannot be applied extraterritorially.

**FIFTEENTH DEFENSE**
**(Preemption)**

Plaintiff's FTSA claim is barred to the extent it is preempted by the TCPA.

**SIXTEENTH DEFENSE**
**(Not Listed)**

Plaintiff's FTSA claim is barred to the extent his number does not appear "in the then-current quarterly listing published by the department."

**SEVENTEENTH DEFENSE**
**(Class Defenses)**

Ideal Concepts opposes class certification and disputes the propriety of class treatment. If the Court certifies a class in this case over Ideal Concepts' objections, Ideal Concepts asserts the defenses set forth herein against each and every member of the certified class.

**EIGHTEENTH DEFENSE**
**(No Personal Jurisdiction)**

Personal jurisdiction in this case rests solely on specific jurisdiction. Accordingly, to the extent Plaintiff attempts to certify his putative class as presently defined, this Court has no personal jurisdiction over Ideal Concepts relating to out-of-state class members under the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017).

**NINETEENTH DEFENSE**
**(Reservation of Rights)**

Ideal Concepts specifically reserves the right to add additional affirmative defenses.

**JURY DEMAND**

Ideal Concepts demands a trial by jury for all issues so triable.

**WHEREFORE**, Ideal Concepts prays for judgment as follows:

1. Dismissal of the Complaint in its entirety with prejudice;

2. That Plaintiff take nothing by the Complaint and that judgment be

entered against Plaintiff and in favor of Ideal Concepts;

3. That Ideal Concepts be awarded its costs of suit and reasonable attorneys' fees; and

4. That the Court award Ideal Concepts such other and further relief as the Court deems just and appropriate.

Dated: May 26, 2026

Respectfully submitted,

/s/ Jordan S. Kosches

Jordan S. Kosches, Esq.
Florida Bar No.: 49881
jordan.kosches@gray-robinson.com
**GRAYROBINSON, P.A.**
333 SE Second Avenue, Suite 3200
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

Mark S. Eisen, Esq.
(*pro hac vice* forthcoming)
meisen@beneschlaw.com
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 S. Wacker Drive, Suite 1600
Chicago, Illinois 60606
Telephone: (312) 212-4949
Facsimile: (312) 767-9192

*Counsel for Ideal Concepts, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon all counsel of record via CM/ECF system this 26th day of May, 2026.

s/ Jordan S. Kosches